## JESSE HALL *v.* W. M. M. LEE.

**Vendor and Purchaser—Conditional Sale.**

> The evidence was held to show that a transaction amounted to a conditional sale of land, and not a mortgage.

**Contracts—Option—Time of Essence of Contract.**

> Where a vendor of land reserved an option to repurchase the land within a specified time upon a payment of a stated consideration, time is of the essence of the contract, and if the vendor fails within such time to execute his option, the vendee's right becomes absolute.

APPEAL FROM HARRISON CIRCUIT COURT.

January 21, 1873.

OPINION BY JUDGE LINDSAY:

The distinction between a conditional sale and a mortgage is thus stated by Greenleaf in a note to page 74, 2d Greenleaf: "Where the debt forming the consideration of the conveyance still subsists, *or the money is advanced by way of loan, with a personal liability* on the part of the borrower to repay it, and by the terms of the agreement the land is to be reconveyed, on payment of the money, it will be regarded as a mortgage; but where the relation of debtor and creditor is extinguished, *or never existed,* there a similar agreement will be considered as merely a conditional sale." It can not be gathered from the writing executed by Gorley to Hall on the 12th of March, 1866, either that the consideration therein expressed was money advanced by way of loan, or that Gorley was personally liable to repay it, or that the relation of creditor and debtor ever

existed between the parties. The first clause of the writing clearly imports an absolute bargain and sale of the lands described.

The second reserves to Gorley the right to repurchase "in twelve months" by paying a fixed and definite sum of money. Failing to exercise this right, he imposed upon himself no liability to pay said amount, and receive back his bond, nor could he by tendering such sum compel Hall to accept it in discharge of his obligation to convey. If the land had decreased in value to one-half the amount paid by Hall to Gorley, the loss would have fallen upon the former. A court of equity would not have permitted him to treat the transaction as a mortgage, and give him a personal judgment against Gorley, for such sum as could not be realized from the sale of the lands.

But if there was any doubt as to the construction the paper should receive, the facts and circumstances developed by the proof conduce to show that the parties did not intend to treat the paper as a mortgage.

The consideration, $500, approximated very closely the cash value of the lands. Gorley at once delivered possession to Hall, which is not usually done when real estate is mortgaged. Hall failed to have the paper recorded as would have been proper if it was intended to be treated as a mortgage. But the strongest and most convincing circumstance to show that Hall was purchasing is that he borrowed the money paid to Gorley, paying for its use ten per cent. interest. No reason is shown why he would have put himself to this extraordinary trouble to obtain money, merely to release it on the same terms to Gorley.

We are of opinion that time was the essence of the contract for the repurchase and that as neither Gorley nor his vendee, Lee, offered in proper time to make the prescribed payment, Hall's title became absolute and indefeasible. Wherefore the judgment is reversed and the cause remanded with instructions to dismiss appellee's petition.

*Curry, for appellant.*

*Cleary, for appellee.*